IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| APACHE TRIBE OF OKLAHOMA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-10-646-D |
| BETSY ANN BROWN, FOSHEE & YAFFE LAW FIRM, LAW OFFICES OF BROWN & CULLIMORE, JOHN H. GRAVES, YANCY REDCORN, ALONZOCHALEPAH, MARY RIVERA a/k/a MARY PRENTISS, and WELLS FARGO NATIONAL BANK, Defendants. | ) ) ) ) ) ) ) ) ) ) | |

**ORDER GRANTING PLAINTIFF'S MOTION**
**TO STRIKE UNAUTHORIZED FILING**

Before the Court is Plaintiff's Motion to Strike Unauthorized Filing [Doc. No. 14], filed July 8, 2010. Plaintiff asks the Court to strike a *pro se* filing of a document entitled "Dismissal With Prejudice" [Doc. No. 12]. The document purports to be a notice of voluntary dismissal of the action, as permitted by Fed. R. Civ. P. 41(a)(1)(A)(i), filed "Pro Se on behalf of Plaintiff" by Defendant Alonzo Chalepah acting as Chairman of the Apache Tribe of Oklahoma pursuant to a valid resolution of the Apache Business Committee. No party has opposed Plaintiff's Motion within the time period allotted by LCvR7.1(g).[1]

Upon consideration, the Court finds that the "Dismissal With Prejudice" filed by Mr. Chalepah should be stricken from the case record and disregarded as a nullity. Regardless

---

[1] Defendant Wells Fargo Bank was voluntarily dismissed by Plaintiff on July 29, 2010. Subsequently, on that same day, Wells Fargo Bank filed a Notice stating it takes no position with regard to the Motion to Strike but views any challenge to the effectiveness of the document as a matter for arbitration, as provided by its loan agreement with Plaintiff.

whether the "Dismissal With Prejudice" was authorized or unauthorized by Plaintiff, it was ineffectual to operate as a voluntary dismissal pursuant to Rule 41(a). The Apache Tribe of Oklahoma is not a natural person and, therefore, may not appear *pro se* but must appear through counsel. *See Tal v. Hogan*, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006); W.D. Okla. LCvR17.1. A court filing by a non-attorney on behalf of a corporation or other artificial person is a nullity. *See Gililland Energy Corp. v. Union Texas Explor. Corp.*, No. 91-4043, 1991 WL 252665, *1 (10th Cir. Nov. 26, 1991).[2] Plaintiff has appeared through counsel in this case. The "Dismissal With Prejudice" purportedly filed on behalf of Plaintiff was not signed by Plaintiff's counsel of record and, therefore, is ineffective to dismiss the case.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Unauthorized Filing [Doc. No. 14] is GRANTED, and the "Dismissal With Prejudice" [Doc. No. 12] is STRICKEN.

IT IS SO ORDERED this 4th day of August, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).