IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| APACHE TRIBE OF OKLAHOMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-646-D |
| ) | |
| BETSY ANN BROWN, ) | |
| FOSHEE & YAFFE LAW FIRM, ) | |
| LAW OFFICES OF BROWN & CULLIMORE, ) | |
| JOHN H. GRAVES, ) | |
| YANCY REDCORN, ) | |
| ALONZO CHALEPAH, ) | |
| MARY RIVERA a/k/a MARY PRENTISS, and ) | |
| WELLS FARGO NATIONAL BANK, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Defendant Betsy Ann Brown's Motion to Stay Pending Resolution of Appeal [Doc. No. 54], which is joined by Defendant Law Offices of Brown & Cullimore. Other defendants have filed separate motions [Doc. Nos. 55, 57, 61], which also join in the Motion and adopt the supporting brief. Plaintiff opposes the Motion, which is fully briefed and at issue.[1] For the reasons stated herein, the Court finds that a stay is warranted.

**Factual Background**

Plaintiff Apache Tribe of Oklahoma (the "Tribe") asserts in its Complaint that the individual defendants engaged in a conspiracy to gain control of the Apache Business Committee, which transacts business and acts on behalf of the Tribe in matters within its authority. Plaintiff alleges that the conspirators managed through various means – which include purporting to remove a

---

[1] Defendant Foshee & Yaffe Law Firm filed a reply brief [Doc. 79], and with permission, Plaintiff filed a supplemental brief [Doc. 93], to which Defendants Betsy Brown and Brown & Cullimore responded [Doc. 96].

committee member from the tribal membership roll, improperly seating an appointee in his place, ousting other elected members, preparing invalid resolutions, and utilizing false documents – to consummate a loan transaction with Wells Fargo Bank that generated exorbitant legal and consulting fees for the attorney and law-firm defendants. The conspirators also allegedly hired a private security firm to take control of the tribal complex. Based on these alleged facts, Plaintiff claims that Defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*. ("RICO"), and committed various common law torts, including fraud, conversion, and civil conspiracy. The Complaint also alleges that the attorney defendants committed legal malpractice, breach of contract, and breach of fiduciary duty.

Defendants ask the Court to stay this case during the pendency of an action brought by Defendant Alonzo Chalepah, formerly elected Chairman of the Tribe, and other incumbents against the United States Department of the Interior, *Chalepah v. Salazar*, Case No. 10-cv-1324-PLF, in the United States District Court for the District of Columbia (the "Appeal").[2] The plaintiffs in that case seek judicial review of administrative decisions made by the Bureau of Indian Affairs (the "BIA") concerning tribal elections and recognition of tribal leaders.[3] Because a successful challenge of these decisions may affect the Tribe's leadership, Defendants contend this case should be held in abeyance so that the right to make necessary decisions concerning it are preserved. Defendants argue there is a high probability of success in the Appeal and, if Mr. Chalepah and others prevail and are recognized as tribal leaders, this action would become "moot" because they would dismiss it.

---

[2] The Court notes that the case was recently transferred to this district upon the unopposed motion of the federal defendants and assigned Case No. CIV-11-99-M. The case was received in this district on February 3, 2011, and the defendants in that case answered the complaint on February 17, 2011.

[3] As discussed below, one issue is the validity of a Tribal Council meeting held in June, 2010, at which resolutions certifying election results and authorizing this lawsuit were passed.

In Defendants' view, this action was wrongly initiated by persons without valid authority to act on behalf of the Tribe, even though the suit is nominally brought in the Tribe's name.

Plaintiff strongly disagrees with these contentions, particularly Defendants' assessment of their likelihood of success in the Appeal. However, Plaintiff admits the resolution authorizing this lawsuit was passed at a Tribal Council meeting held on June 19, 2010, which is at issue in the Appeal. Plaintiff further admits the crux of the Appeal is an intra-tribal dispute regarding leadership of the Tribe and control of its Business Committee. Plaintiff nevertheless argues that Defendants have failed to justify a stay and that Plaintiff would be severely prejudiced by any further delay in bringing suit against Defendants to uncover and remedy their alleged fraud and wrongdoing.

The parties agree that a federal district court has discretionary authority to stay a proceeding pending before it. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (stating this principle as "well settled"). The utilization of this power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. A party seeking to stay litigation until a separate controversy is concluded "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255; *see also Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) ("where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others"). The court of appeals has provided guidance regarding appropriate factors for consideration:

> In assessing the propriety of a stay, a district court should consider: whether the defendants are likely to prevail in the related proceeding; whether, absent a stay, the defendants will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake.

*United Steelworkers of America v. Oregon Steel Mills, Inc*., 322 F.3d 1222, 1227 (10th Cir. 2003).

**A.   Likelihood of Success**

The Appeal challenges a written decision issued July 1, 2010, by the Regional Director of the Southern Plains Regional Office of the BIA, as well as an interlocutory order issued June 25, 2010, by the Assistant Secretary – Indian Affairs of the Department of the Interior. The interlocutory order delegated to the Regional Director the authority to decide whether action taken at a Tribal Counsel meeting on June 19, 2010, "was a valid act," whether the BIA should recognize the winners of a disputed election as leaders of the Tribe, and whether a pending administrative appeal was moot. *See* Def.'s Motion to Stay, Ex. 1 [Doc. No. 54-1] at 40 (Complaint in *Chalepah v. Salazar*, Ex. I). The Assistant Secretary – Indian Affairs had previously assumed jurisdiction pursuant to 25 C.F.R. § 2.20(c) and 43 C.F.R. § 4.332(b) over the appeal, by which the Apache Election Board challenged the Regional Director's decision in May, 2010, to recognize the putative winners of an election held in March, 2010, as interim leaders of the Tribe. When assuming jurisdiction, the Assistant Secretary – Indian Affairs announced that the May, 2010, recognition decision was stayed and "the Department of the Interior will continue to recognize the incumbent members of the Apache Tribe of Oklahoma Business Committee as the Tribe's governing body." *See id*. at 38 (Complaint in *Chalepah v. Salazar*, Ex. G). In subsequently exercising the authority delegated by the interlocutory order, the Regional Director decided that the June 19 meeting of the Tribal Council, although it "may not have conformed perfectly to the Tribe's Constitution," resulted in a certification of the winners of the contested election as the Business Committee and warranted

4

the BIA's recognition of those persons as tribal leaders. *See id*., Ex. 1 at 45 (Complaint in *Chalepah v. Salazar*, Ex. J). The Regional Director declared his decision "immediately effective and final for the Department" and the Election Board's appeal to be moot. *See id*.

Mr. Chalepah, other incumbents ousted at the June 19 meeting, and a member of the Election Board filed the pending federal court action at issue (the Appeal) on August 6, 2010. They claim the Assistant Secretary – Indian Affairs lacked authority to delegate decision-making power over the Election Board's administrative appeal to the Regional Director after jurisdiction was assumed pursuant to 25 C.F.R. § 2.20(c). The appellants note that the Assistant Secretary – Indian Affairs effectively returned to the Regional Director the putative authority to resolve an appeal of his prior decision. They also claim the Regional Director's decision was contrary to the Tribe's constitution, which requires meetings of the Tribal Council to be conducted by the chairman or vice-chairman of the Tribe. The June 19 meeting was conducted by the individual who was elected chairman in the disputed March election, Louis Maynahonah, even though he was neither sworn into office nor recognized by the BIA at that time. The complaint alleges Mr. Chalepah was absent from the June 19 meeting due to a medical condition and the vice-chairman was prevented from performing her duties by Mr. Maynahonah and his supporters, who took control of the meeting and passed resolutions to recognize themselves as tribal leaders. The appellants claim the Regional Director's decision to validate the actions taken at the June 19 meeting and recognize persons who were not properly elected to office as tribal leaders is contrary to the Tribe's constitution and election ordinance, and is based on mistaken factual and legal assumptions.

Although Plaintiff argues that the Appeal lacks merit, its argument fails to address the critical issue of whether the actions taken at the June 19 meeting are valid under the Tribe's constitution and laws. The Regional Director admitted that the meeting did not conform to the constitution but,

without any legal analysis or cited authority, determined that the actions taken at the meeting should nevertheless be given effect. The Regional Director characterized Mr. Chalepah's absence "as a bad faith attempt . . . to undermine the meeting ," without stating any factual basis for such a conclusion, and assumed that Mr. Maynahonah could properly conduct the meeting. *See* Pl.'s Resp. Br., Ex. 2 [Doc. 69-2] at 3. The Regional Director also assumed that certification of election results, which the Election Board had determined to be faulty, was a proper subject of business at the meeting conducted by the putative winner. His decision seemed to be based on "exigent circumstances" and expediency. *See id.*

Without reaching any conclusion about the merits of the Appeal, the Court finds the appellants' challenge to the Regional Director's decision to be founded on the Tribe's constitution and laws, while the Regional Director provides sparse legal support for his decision. Therefore, *based solely on the arguments presented in the parties' briefs in this case*, the Court finds a likelihood of success in the Appeal sufficient to support the requested stay.

**B.  Harm to Defendants Without a Stay**

The Court further agrees with Defendants that denying a stay would likely result in substantial harm to them, particularly the incumbent tribal leaders. Defendants would be forced to bear the burden and expense of defending a complex RICO case prior to a final determination of the validity of the actions taken at the June 19 meeting, including the authorization of this suit.[4] Further, although the Tribe is the named plaintiff, the Tribe can act and make decisions concerning this lawsuit only through its Business Committee. Presumably, the Business Committee retained the

---

[4] The Court notes from the case record that Mr. Chalepah and the other tribal leader named as a defendant, Mary Rivera (or Prentiss) have been served with process but have neither answered nor otherwise responded to the Complaint. These defendants are therefore currently in default, and Plaintiff would be within its legal rights to seek a default judgment against them in the event this litigation is reopened.

6

attorneys who represent the Tribe in this case and authorized the filing of the federal complaint on June 22, 2010.[5] These events occurred before any decision had been made by the Regional Director concerning the validity of the June 19 meeting or whom the BIA would recognize as members of the Business Committee. By permitting this case to proceed without a resolution of these issues, the Court would subject Defendants to suit based on unclear authority and uncertain representation of the Tribe.

C. **Harm to Plaintiff With a Stay**

Plaintiff argues that it "would be faced with severe prejudice if it continues to be delayed in bringing its claims against these Defendants, claims they [sic] have had for some time but which have been successfully delayed by Defendants' control over the Tribe." *See* Pl.'s Resp. Br. [Doc. 69] at 6. This argument is based on the fact that the injury allegedly suffered by the Tribe occurred in connection with a loan from Wells Fargo Bank that closed in June, 2008. Plaintiff's allegation of prejudice from further delay is conclusory and unsupported by any factual allegations of potential prejudice. Accordingly, the Court is not persuaded that any real prejudice, other than delay itself, will occur if a stay is granted.[6]

D. **Public Interest**

The Court recognizes the existence of a strong federal policy of tribal sovereignty and self-government. *See Wheeler v. United States Dep't of Interior*, 811 F.2d 549, 551 (10th Cir. 1987); *see also White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 143-44 (1980). The Court believes

---

[5] A copy of a resolution allegedly adopted at the June 19 meeting directed the Business Committee to execute a fee agreement with the law firm of record and to "work with legal counsel to cause legal action to be initiated." *See* Pl.'s Resp. Br., Ex. 1[Doc. 69-1] at 2.

[6] Plaintiff refers generally to the potential that evidence will become stale or disappear during the pendency of a stay. In this regard, the Court cautions all parties to take reasonable steps to ensure that relevant documentary and other evidence be preserved for the duration of the stay.

this policy is best-served by the orderly resolution of disputes concerning the control and recognition of a tribal government. Defendants argue persuasively in their briefs in support of a stay, as well as separate briefs regarding motions to dismiss, that this case is a product of an ongoing intra-tribal dispute in which federal courts should not interfere. While expressing no opinion about the motions to dismiss, the Court agrees that a federal complaint for damages, treble RICO damages, and punitive damages should not serve as a vehicle for tribal in-fighting to be played out. Rather, the public interest is better served by permitting a resolution of the dispute regarding tribal government before the Tribe is allowed to move forward with this case. Accordingly, the Court finds that a stay of limited duration should be granted, to permit a federal district court to review the BIA's July 1 decision to accept the actions taken at the June 19 meeting and to recognize Mr. Maynahonah and his supporters as the current leaders of the Tribe.

## Conclusion

For the reasons stated above, the Court finds that Defendants' request for a stay of this case should be granted, as set forth herein.

IT IS THEREFORE ORDERED that Defendants' Motions to Stay [Doc. Nos. 54, 55, 57 and 61] are GRANTED. The Court orders a stay of this action pending the disposition of the Appeal, that is, the entry of a judgment or other final order in *Chalepah v. Salazar*, currently pending as Case No. CIV-11-99-M (W.D. Okla.).

IT IS FURTHER ORDERED that Defendants' Motions to Dismiss [Doc. Nos. 52, 53, 56 and 60] are DENIED without prejudice to resubmission after the stay is lifted.

IT IS SO ORDERED this 22nd day of February, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE